1  BRUCE W. NICKERSON, SBN: 90760
   LAW OFFICES OF BRUCE NICKERSON
2  231 Manor Drive
   San Carlos, CA 94070
3  Tel: (650) 594-0195
   Email: brucenic@pacbell.net
4
5  B. J. Fadem, SBN: 118819
   LAW OFFICES OF B.J. FADEM
6  111 W. St. John St., Suite 700
   SAN JOSE, CA 95113
7  Tel: (408) 280-1220
   Email: bjfadem@fademlaw.com
8
9  Lori J. Costanzo, SBN: 142633
   COSTANZO LAW FIRM, APC
10 111 W. St. John St., Suite 700
   SAN JOSE, CA 95113
11 Tel:  (408) 993-8493
   Fax: (408) 993-8496
12 Email: Lori@costanzo-law.com

13 Attorneys for FERNANDO RUIZ and the Plaintiff Class

14             IN THE UNITED STATES DISTRICT COURT FOR
15             THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 FERNANDO RUIZ, individually and on behalf of a Class of Persons similarly situated, 17 DANIEL BUFANO, ELIJAH EL-AMIN, JOHN J. FERGUSON, CLAY MORGANPARKS, 18 individually. | Case No.  5:17-cv-06488 |
| Plaintiffs, 19 -v- 20 21 CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, CHIEF EDGARDO GARCIA, 22 individually and in his official capacity as Chief of the San Jose Police Department and for the City of 23 San Jose, OFFICER SAMUEL MARQUARDT #4096, SGT. MARIO BRASIL, OFFICER ADAM 24 JENKINS #3611, CPT. ANTHONY CIABURRO, OFFICER MATTHEW BLACKERBY #3999, 25 OFFICER KEVIN SHINN #4062, and OFFICER JOHN PRIM #3908, individually and in their 26 capacities as police officers in the San Jose Police Department and for the City of San Jose,  and DOES 27 1-50, inclusive. 28 Defendants. | **FIRST AMENDED CLASS ACTION COMPLAINT** 1. **FALSE ARREST 42 U.S.C. §1983; 4th, 14th Amendment** 2. **DISCRIMINATORY ARREST 42 U.S.C. §1983; 14th Amendment** 3. **MONELL CLAIM 42 U.S.C. §1983 POLICY AND CUSTOM** 4. **CONSPIRACY 42 U.S.C. §1985(2); 4th and 14th Amendment** 5. **VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE (RICO) 18 U.S.C. §1961, et seq.** **JURY TRIAL DEMANDED** |

(Left margin: COSTANZO LAW FIRM, APC, 111 W. St. John Street #700, SAN JOSE, CA 95113)

## INTRODUCTION

1. This is a civil rights action for declaratory and injunctive relief and damages brought pursuant to 42 U.S.C. Sections 1983, 1985 and 1988, 18 U.S.C. 1961 et seq., the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the Commerce Clause. The Complaint seeks redress from one or more of the Defendants due to their: (i) arbitrary and unlawful discrimination on the basis of perceived sexual orientation; (ii) arbitrary and unlawful discrimination on the basis of gender; (iii) practice of arbitrarily, unlawfully and maliciously enforcing the law in a discriminatory manner against the named Plaintiff and other similarly situated individuals; (iv) practice of arbitrarily, unlawfully and maliciously harassing, targeting for arrest and/or arresting the named Plaintiff and other similarly situated individuals without probable cause; (v) practice of arbitrarily, unlawfully and maliciously violating the named Plaintiff and other similarly situated individuals' right to freedom of speech, expression, association, and (vi) practice of arbitrarily, unlawfully and maliciously violating the named Plaintiff's and other similarly situated individuals' right to equal protection under the law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 1343. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts and/or omissions complained of occurred in the Northern District of California, and the acts described took place within the Northern District of California.

3. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## PARTIES

4. Named Plaintiff FERNANDO RUIZ was at all relevant times a resident of the City of Salinas, County of Monterey, California.

5. The above-named Plaintiff seeks to represent a class of individuals (hereinafter, the "Plaintiff Class"), which is defined and described in further detail at paragraph 15 below.

6. Plaintiff DANIEL BUFANO is an individual residing in San Jose whose arrest was similar to that of criminal defendant and putative class representative FERNANDO RUIZ.

-2-

Fernando Ruiz, et al. v. City of San Jose, et al.                                            Case No. 5:17-cv-06488
First Amended Class Action Complaint

7. Plaintiff ELIJAH EL-AMIN is an individual residing in Modesto, California, whose arrest was similar to that of criminal defendant and putative class representative FERNANDO RUIZ.

8. Plaintiff JOHN J. FERGUSON is an individual residing in Morgan Hill, California, whose arrest was similar to that of criminal defendant and putative class representative FERNANDO RUIZ.

9. Plaintiff CLAY MORGANPARKS is an individual residing in San Jose, California, whose arrest was similar to that of criminal defendant and putative class representative FERNANDO RUIZ.

10. Defendant CITY OF SAN JOSE is a municipal corporation located in the County of Santa Clara, and is established by the laws and Constitution of the State of California, that owns, operates, manages, directs, and controls Defendant SAN JOSE POLICE DEPARTMENT (hereinafter "SJPD"), which employs other Defendants in this action. Defendant SJPD is an agency run by the CITY OF SAN JOSE.

11. Defendant CHIEF EDGARDO GARCIA (hereinafter "Garcia"), is Chief of the San Jose Police Department and is sued in his individual and official capacity.

12. Chief Garcia is responsible for establishing, ratifying and enforcing the policies, practices and customs of the SJPD, and providing training, supervision, instruction, oversight, and discipline concerning the policies, practices, customs, and activities of the entire San Jose Police Department. Defendant Garcia acted, at all relevant times, within the course and scope of his employment as Police Chief.

13. Defendant SJPD OFFICER SAMUEL MARQUARDT #4096, SGT. MARIO BRASIL, OFFICER ADAM JENKINS #3661, CPT. ANTHONY CIABURRO, OFFICER MATTHEW BLACKERBY #3999, OFFICER KEVIN SHINN #4062, and OFFICER JOHN PRIM #3908 are all members of the SJPD, and all of whom are sued in both their individual capacities, and in their official capacities if they had any policy making duties, functions, or responsibilities with respect to the matters alleged herein.

14. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants sued herein was negligently, wrongfully or otherwise responsible in some manner for the events and

-3-

Fernando Ruiz, et al. v. City of San Jose, et al.                                           Case No. 5:17-cv-06488
First Amended Class Action Complaint

happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs and members of the Plaintiff Class.

15. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was, at all relevant times, an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant, as alleged herein, except as may be hereinafter otherwise specifically alleged.

16. Does 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by asserting their true names and capacities herein. Plaintiffs are informed and believe, that thereon allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant", "Defendants" or specifically named Defendant refers to all Defendants sued under fictitious names.

17. At all relevant times, each Defendant was jointly engaged in tortious activities, resulting in the deprivation of Plaintiffs' and members of the Plaintiff Class' constitutional rights, and other harm.  At all relevant times, each Defendant acted under color of the laws, statutes, ordinances, policies, practices, customs, and usages of the State of California, the City of San Jose, and the SJPD.

18. The named Plaintiff and putative class representative brings this class action for declaratory and injunctive relief and damages, on his own behalf and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff is a member of the class of persons whose members have been harmed by the specific allegations which are set forth *infra* in paragraph 18.

-4-

Fernando Ruiz, et al. v. City of San Jose, et al.   Case No. 5:17-cv-06488
First Amended Class Action Complaint

19. The Plaintiff Class consists of all men who have been falsely arrested for soliciting or engaging in lewd conduct by San Jose Police acting as decoys, because they were perceived to be interested in meeting in public, men interested in non-monetary intimate association with other men.

   A. The membership of the defined class is so numerous that joinder of all members is impractical. On information and belief, there are hundreds of men who have been illegally arrested for violations of California law by the SJPD because they were perceived to be interested in meeting in public, men interested in non-monetary intimate association with other men.

   B. There are questions of law and fact common to the class, and those questions predominate over questions affecting individual class members. Those common questions include: whether one or more of the Defendants have violated the United States Constitution, the California Constitution and California Statutory law by: (i) targeting areas believed to be frequented by men, who are perceived to be interested in meeting, in public, men interested in intimate association with other men, for the purpose of discouraging these men from these areas and/or arresting them; (ii) effecting false arrests of men, including men who did not violate any law, but who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men; (iii) publicizing the targeting and arrests of men who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men; and (iv) inadequately or improperly training San Jose police officers and sending them into areas known or assumed to be frequented by men who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men, with the unlawful objective of violating their rights, pursuant to California law, as well as their constitutionally protected rights to freedom of speech, expression, and association, to be free from unlawful search and seizure, to privacy and to equal protection.

-5-

Fernando Ruiz, et al. v. City of San Jose, et al.                                    Case No. 5:17-cv-06488
First Amended Class Action Complaint

C. The claims of the named Plaintiff and putative class representative is typical of the claims of the Plaintiff Class, since the named Plaintiff: (i) was perceived by one or more San Jose police officers to be interested in meeting, in public, men interested in non-monetary intimate association with other men; (ii) was in or near a location targeted by San Jose police officers because it is believed to be an area frequented by men interested in meeting, in public, men interested in non-monetary intimate association with other men; (iii) did not engage in any unlawful act in violation of federal, state, or municipal law; and (iv) was arrested without a warrant and without probable cause even though he had committed no criminal act.

D. In addition, this particular named Plaintiff and putative class representative once pled no contest to the charge, paid his fine, and completed his probationary sentence. However, the District Attorney of Santa Clara county and the Superior Court of Santa Clara County ruled that he should be permitted to withdraw his plea, and then found him factually innocent of the charge to which he had, in error, plead no contest.

E. Thus, the named Plaintiff will uniquely and fairly represent, and adequately protect, the interests of the Plaintiff Class, and will do so vigorously and zealously. The named Plaintiff has no interests antagonistic to the Plaintiff Class; he seeks relief which will benefit all members of the Plaintiff Class, and he is represented by counsel who is competent and experienced in civil rights litigation.

F. The Defendants, by establishing, maintaining, encouraging, allowing and/or ratifying the practices alleged in this complaint, have acted on grounds generally applicable to the Plaintiff Class and, as a result, declaratory and injunctive relief with respect to the Plaintiff Class is appropriate.

G. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members which would establish incompatible standards for parties opposing the class, and Defendants have

-6-

Fernando Ruiz, et al. v. City of San Jose, et al.            Case No. 5:17-cv-06488
First Amended Class Action Complaint

acted or refused to act on grounds generally applicable to the class and its members, and class questions predominate with respect to the class.

H.  Therefore, these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A), (B)(1), (2), and (3).

I.  The nature of the notice to be provided to class members would be determined by the court.

## FACTUAL ALLEGATIONS

20. The City of San Jose and Chief Garcia have established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of: (i) targeting areas believed to be frequented by men who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men, for the purpose of harassing these men and interfering with their rights of speech, privacy, expression, association and equal protection; (ii) having police officers approach men, undercover, who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men, for the purpose of discussing, suggesting, or implying a willingness to engage in sexual or other intimate activity; (iii) falsely arresting men who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men, without warrants and with probable cause and accusing them of engaging in criminal activity even though no criminal activity was engaged in; (iv) treating individuals differently based on their gender and/or perceived sexual orientation; (v) publicizing these arrests in violation of these individuals' rights to privacy in an attempt to deny them and other men their constitutionally protected rights of freedom of speech, expression, association and privacy; and (iv) failing to adequately train, supervise, instruct, monitor, and discipline San Jose Police Officers.

21. These defendants have established, maintained, encouraged, allowed, and/or ratified the above custom, practice or policy with the tacit understanding that it would promote the unconstitutional and illegal goal of reducing the number of men who are interested in meeting, in public, men interested in non-monetary intimate association with other men from meeting one another in public places in San Jose, particularly the public parks.

-7-

Fernando Ruiz, et al. v. City of San Jose, et al.                                  Case No. 5:17-cv-06488
First Amended Class Action Complaint

**Allegations Pertaining to Named Plaintiff and Putative Class**

**Representative FERNANDO RUIZ**

22. Pursuant to the custom, practice or policy set forth above, Plaintiff RUIZ was subjected to a course of conduct as described below.

23. On June 20, 2014, around 8:30 p.m. Plaintiff Ruiz went for a walk along the Guadalupe River near the Taylor Street Bridge in San Jose.

24. He was approached by a good-looking man on a bicycle who asked if he had anything to "party" with.

25. Plaintiff asked him what he meant.

26. The man, Defendant Officer Samuel Marquardt, who was undercover and acting as a decoy, said he wanted to have oral sex but wanted to do drugs first.

27. Plaintiff told the man he did not do drugs. The decoy asked Plaintiff if he had a girlfriend and asked what he liked to do sexually.

28. Plaintiff then asked: "What's up? Do you want to mess around?"

29. The decoy replied that there were too many persons around at that location and suggested he meet him further down the street.

30. Plaintiff moved his car, but the man did not approach his vehicle again.

31. Needing to use the nearby restroom, Plaintiff Ruiz entered it, urinated and exited toward his vehicle.

32. The decoy had reappeared and motioned for Plaintiff to approach him.

33. Again, he inquired about drugs. Again, Plaintiff declined.

34. He then asked if Plaintiff wanted to suck his dick. Plaintiff agreed.

35. The decoy suggested the nearby restroom. Plaintiff said that was OK because the restroom was very dark.

36. They agreed to meet inside the dark restroom in a private stall. No one else was around.

37. Plaintiff entered the restroom and waited. The decoy never joined him.

-8-

Fernando Ruiz, et al. v. City of San Jose, et al.                                           Case No. 5:17-cv-06488
First Amended Class Action Complaint

38. Plaintiff eventually left and once outside the decoy identified himself as Defendant Officer Samuel Marquardt, and placed Plaintiff under arrest for violation of Penal Code Section 647(d), loitering around a toilet.

39. Marquardt was assisted by Defendant Officers Jenkins and Blackerby.

40. At the Pre-Trial Conference, January 15, 2015 upon advice of counsel, Plaintiff pled "No Contest" to the charge.

41. He was fined a total of $720.00 including penalty charges, placed on two years court probation, and ordered to stay away from Columbus Park.

42. On or about June 17, 2016 the Superior Court of Santa Clara County per Judge Jose Franco, ruled the entire sting operation described above violated the Equal Protection Claus of the 14th Amendment, in that it targeted only public male/male no-monetary public sexual solicitations, and ignored male/female non-monetary, public, sexual solicitations.

43. The court dismissed the six cases before it.

44. Subsequently on December 23, 2016, the court found four of the six defendants (whose cases had been dismissed due to discriminatory prosecution) factually innocent and ordered all records of their arrest to be destroyed.[1]

45. Plaintiff learned of the dismissals and the factual findings of innocence.

46. Believing that his case was legally indistinguishable from the others, Plaintiff brought a motion to withdraw his plea and a motion for factual innocence.

47. On Augut20, 2017, the Superior Court granted both motions.

48. Plaintiff now brings the instant suit and demands a jury trial.

## FACTS PERTAINING TO PLAINTIFF DANIEL BUFANO

49. On August 8, 2015, Plaintiff Daniel Bufano, accompanied by a friend, stopped at Columbus Park needing to use the restroom.

50. Plaintiff entered alone and, after using the facility, exited.

51. Immediately, he was approached by decoy Officer Samuel Marquardt, who asked if he would like to suck dick, and suggested that they perform the act in the restroom.

---

[1] The remaining two Defendants could not be located.

-9-

Fernando Ruiz, et al. v. City of San Jose, et al.                                    Case No. 5:17-cv-06488
First Amended Class Action Complaint

52. Plaintiff immediately said "No."
53. Nevertheless, two other undercover officers appeared, forced him into some nearby bleachers, and searched him.
54. They then proceeded to verbally abuse him, accusing him of being gay, told him he was a terrible person, and told him never to come to the park again.
55. He was arrested for violating Penal Code section 647(d), loitering around a toilet.
56. On June 17, 2016 the Superior Court of Santa Clara County per Judge Jose Franco, ruled the entire sting operation described above violated the Equal Protection Claus of the 14th Amendment, in that it targeted only public male/male no-monetary public sexual solicitations, and ignored male/female non-monetary, public, sexual solicitations.
57. The court dismissed the six cases before it, including that of Plaintiff Bufano.
58. Subsequently, on December 23, 2016, the court found Plaintiff Bufano and three others of the six defendants (whose cases had been dismissed due to discriminatory prosecution) factually innocent, and ordered all records of their arrest to be destroyed.[2]
59. Plaintiff now brings the instant suit and demands a jury trial.

### FACTS PERTAINING TO PLAINTIFF ELIJAH EL-AMIN

60. On June 4, 2015, Plaintiff Elijah el-Amin visited Columbus Park in San Jose, near the Guadalupe River, needing to use the restroom.
61. At the entrance, he saw an attractive man who appeared suspicious. This was Officer Samuel Marquardt, in plain clothes, acting as a decoy.
62. After an exchange of glances and head nods, Plaintiff entered the restroom and did his business.
63. Needing to wash his hands, he could not find any soap, so he looked for some in the adjacent women's restroom.
64. The man was still standing near the entrance to the men's restroom.
65. Finding soap in the women's restroom. Plaintiff washed his hands and exited. As he did, the man-made eye-to-eye contact, and asked him if he was "looking."
66. Plaintiff replied: "What are you looking for?"

---

[2] The remaining two Defendants could not be located.

67. At that moment, Plaintiff, noticed a second man nearby.
68. Plaintiff felt frightened, like a deer in the headlights, but felt compelled to continue the conversation.
69. The decoy asked Plaintiff if he would like to suck dick, and Plaintiff replied yes.
70. The man then produced a badge, identified himself as a San Jose policeman, and arrested Plaintiff for a violation of Penal Code section 647(d), loitering around a toilet.
71. The assisting officer in the arrest was Defendant Officer Shinn, #4062.
72. The report was approved by Defendant Sgt. Mario Brasil.
73. On June 17, 2016, the Superior Court of Santa Clara County per Judge Jose Franco, ruled the entire sting operation described above violated the Equal Protection Claus of the 14th Amendment, in that it targeted only public male/male no-monetary public sexual solicitations, and ignored male/female non-monetary, public, sexual solicitations.
74. The court dismissed the six cases before it, including that of Plaintiff Elijah El-Amin.
75. Subsequently, on December 23, 2016, the court found Plaintiff Amin and three others of the six defendants (whose cases had been dismissed due to discriminatory prosecution), factually innocent, and ordered all records of their arrest to be destroyed.[3]
76. Plaintiff now brings the instant suit and demands a jury trial.

## FACTS PERTAINING TO PLAINTIFF JOHN FERGUSON

77. On May 14, 2015, Plaintiff John Ferguson was in a bathroom stall in the men's restroom located in Columbus Park, in San Jose.
78. A man entered, stood at the urinal, but made no attempt to use it. There was a hole cut in the partition between the stall and the urinal.
79. After several minutes, Plaintiff thrust his finger through the hole, which was a signal to indicate interest.
80. The two conversed for several minutes. The man asked Plaintiff what he liked to do. He smiled continuously, and stood close to Plaintiff.
81. The two flirted with each other.

---

[3] The remaining two Defendants could not be located.

-11-

Fernando Ruiz, et al. v. City of San Jose, et al.                                         Case No. 5:17-cv-06488
First Amended Class Action Complaint

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET #700
SAN JOSE, CA 95113

82. Not wanting to engage in sexual conduct inside the restroom, Plaintiff moved sideways in an attempt to leave.
83. The man (who was decoy Officer Samuel Marquarst), moved to block him.
84. Another man entered, stood at the urinal, then turned around exposing his penis.
85. At this moment, another decoy officer, Adam Jenkins #3661 entered and displayed a badge. Plaintiff was arrested for a violation of Penal Code section 647(d), loitering around a toilet.
86. On June 17, 2016, the Superior Court of Santa Clara County per Judge Jose Franco, ruled the entire sting operation described above violated the Equal Protection Claus of the 14th Amendment, in that it targeted only public male/male no-monetary public sexual solicitations, and ignored male/female non-monetary, public, sexual solicitations.
87. The court dismissed the six cases before it, including that of Plaintiff John Ferguson.
88. Subsequently, on December 23, 2016, the court found Plaintiff Ferguson and three others of the six defendants (whose cases had been dismissed due to discriminatory prosecution), factually innocent and ordered all records of their arrest to be destroyed.[4]
89. Plaintiff now brings the instant suit and demands a jury trial.

### **FACTS PERTAINING TO PLAINTIFF CLAY MORGANPARKS**

90. On January 27, 2015, Plaintiff Morganparks needed to use the restroom located in Columbus Park, San Jose.
91. Finding it occupied, he waited for the restroom to be empty.
92. While waiting, a man he considered handsome, approached him and began a conversation. The man, who was Officer Samuel Marquardt, initiated the subject of sex.
93. He asked Plaintiff: "Do you want to have some fun."
94. Plaintiff answered with a question: "What do you consider fun?"
95. The decoy suggested oral sex, and said he had a boyfriend in a nearby car who liked to watch. Plaintiff replied; "Not here." Plaintiff never entered the restroom.

---

[4] The two remaining Defendants could not be located.

-12-

Fernando Ruiz, et al. v. City of San Jose, et al.                                    Case No. 5:17-cv-06488
First Amended Class Action Complaint

96. Nevertheless, at this point, the decoy produced a badge and was immediately joined by Defendant Officers Prim #3908 and Shinn #4062, who collectively arrested Plaintiff and charged him with violating Penal Code 647(d), loitering around a toilet.

97. On June 17, 2016, the Superior Court of Santa Clara County per Judge Jose Franco, ruled the entire sting operation described above violated the Equal Protection Claus of the 14th Amendment, in that it targeted only public male/male no-monetary public sexual solicitations, and ignored male/female non-monetary, public, sexual solicitations.

98. The court dismissed the six cases before it, including that of Plaintiff Morganparks.

99. Subsequently, on December 23, 2016, the court found Plaintiff Morganparks and three others of the six defendants (whose cases had been dismissed due to discriminatory prosecution), factually innocent, and ordered all records of their arrest to be destroyed.[5]

100. Plaintiff Morganparks now brings the instant suit and demands a jury trial.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### FALSE ARREST
### 42 U.S.C. §1983
### 4th, 14th Amendment
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

Plaintiffs re-allege and incorporate herein by reference, all previous allegations set forth in this Complaint, as though fully set forth herein.

101. One or more of the Defendants have violated Plaintiffs' right to be free of unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

102. One or more of the Defendants have unjustifiably deprived Plaintiffs' of their liberty by unlawfully and maliciously arresting them without probable cause, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

---

[5] The two remaining Defendants could not be located.

-13-

Fernando Ruiz, et al. v. City of San Jose, et al.            Case No. 5:17-cv-06488
First Amended Class Action Complaint

## SECOND CAUSE OF ACTION
### DISCRIMINATORY ARREST
### 42 U.S.C. §1983
### 14th Amendment
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

Plaintiffs re-allege and incorporate herein by reference, all previous allegations set forth in this Complaint, as though fully set forth herein.

103. One or more of the Defendants have violated Plaintiffs' right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution, in that Defendants, and each of them, only targeted men who were perceived to be interested in meeting, in public, men who were interested in non-monetary, intimate association with other men, and ignored men who were interested in meeting, in public, women who were interested in non-monetary intimate association, as held in *Baluyut v. Superior Court*, (1996) 12 Cal. 4th 826. California Government Code §12940(k) provides that it is unlawful for any employer or covered entity to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
### MONELL CLAIM
### 42 U.S.C. §1983
### POLICY AND CUSTOM
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

Plaintiffs re-allege and incorporate herein by reference, all previous allegations set forth in this Complaint, as though fully set forth herein.

104. The City of San Jose and Chief EDGADO GARCIA have, under color of law, violated Plaintiffs' rights, privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

105. The above described customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons within the City of San Jose, and were the cause of the violations of Plaintiffs' rights alleged herein.

-14-

Fernando Ruiz, et al. v. City of San Jose, et al.                                            Case No. 5:17-cv-06488
First Amended Class Action Complaint

106. During all relevant times, one or more of the Defendants, and particularly Defendant Chief GARCIA, established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of providing inadequate training, supervision, instruction, oversight, and discipline relating to San Jose police officers, including those mentioned above, thereby failing to adequately discourage constitutional violations, and tacitly agreeing to violate Plaintiffs' constitutional rights.

107. The above described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants, and each of them, and particularly Defendant Chief GARCIA, to the constitutional rights of persons within the City of San Jose, and were the cause of the violations of Plaintiffs' rights, alleged herein.

108. Plaintiffs were unlawfully seized, arrested/detained by Defendants without warrant or order or commitment, or any other legal authority of any kind, as Plaintiffs had not committed any crime or public offence.

109. The conduct as alleged above is ongoing, creating the likelihood of future injuries to Plaintiffs, and the Plaintiff class.

110. Since Plaintiffs and the Plaintiff Class legally are entitled to visit public areas where Defendant decoy officers engage in the activities described above, they face imminent danger of further arrest and harassment as alleged above.

111. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiffs and members of the Plaintiff class were compelled to expend monies, all to their damage, in an amount according to proof.

112. As a proximate result of the acts of Defendants, and each of them, Plaintiffs and members of the Plaintiff Class have suffered damage to their reputation, and shame, humiliation and embarrassment in the community.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

///

///

///

-15-

Fernando Ruiz, et al. v. City of San Jose, et al.                                Case No. 5:17-cv-06488
First Amended Class Action Complaint

### FOURTH CAUSE OF ACTION
### CONSPIRACY
### 42 U.S.C. §1985(2)
### 4th and 14th Amendment
### (AGAINST ALL DEFENDANTS AND DOES 1-50)

Plaintiffs re-allege and incorporate herein by reference, all previous allegations set forth in this Complaint, as though fully set forth herein.

113. Defendants, and two or more of them, in the State of California, City of San Jose, by reason of Defendants' animus against Plaintiffs, and invidious animus of same, conspired together to act, and to fail and omit to act, as hereinbefore alleged, for the purpose of (i) impeding, hindering, obstructing, and defeating the due course of justice in San Jose (ii) to deny equal protection of the laws to the Plaintiffs, and to (iii) subject the Plaintiff Class property and person to unlawfully search, seizure, and criminal prosecution.

114. Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiffs equal protection of the law in the following respect:

   a) to deny their right to be free from unreasonable search and seizure;

   b) to deny the right of freedom of speech, expression, and association;

   c) to deny the right not to be deprived of life, property or liberty without due process of law;

   d) to deny the right of privacy;

115. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1985 (2).

116. As a direct and proximate result of the foregoing, the Plaintiff Class has been damaged as recited above, and is entitled to the damages recited below.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

///
///
///
///
///
///

-16-

Fernando Ruiz, et al. v. City of San Jose, et al.        Case No. 5:17-cv-06488
First Amended Class Action Complaint

COSTANZO LAW FIRM, APC
111 W. St. John Street #700
San Jose, CA 95113

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE (RICO)
### 18 U.S.C. §1961, et seq.
### (AGAINST ALL DEFENDANTS)

Plaintiffs re-allege and incorporate herein by reference, all previous allegations set forth in this Complaint, as though fully set forth herein.

117. The SJPD is an enterprise within the meaning of 18 U.S.C. 1961 (4).

118. The activities of the SJPD affect interstate commerce including the use of the United States mails to effect notice of their arrests.

119. Defendants acquired and/or maintained control over said enterprise through a pattern of racketeering activities, as set forth hereinabove, in violation of 18 U.S.C. 1962(b).

120. Defendants, being associated with said enterprise, conducted and/or participated in said enterprise's affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

121. The pattern of racketeering activities included a continuous pattern and practice involving all of the activities set forth in full hereinabove, and involved completing and filing false police reports and committing perjury, all chargeable under California law as felonies, punishable for more than one year in prison, in that the police officer defendants repeatedly, arbitrarily, unlawfully, and maliciously made false arrests of Plaintiffs, and said class members, and violated the Plaintiff's, and said Class Members', right to freedom of speech, expression, association, and their right to equal protection under the law.

122. The pattern and practice of racketeering activities also included numerous acts of tampering with witnesses and victims under 18 U.S.C. 1512, and retaliating against witnesses and victims under 18 U.S.C. 1513.

123. The Plaintiffs and Class Members were injured in their businesses and/or property by reason of the conduct set forth herein.

124. Among other forms of injury, the Plaintiffs and the Class Members lost employment, employment opportunities, and the wages and other compensation associated with said employment and opportunities, in that the Plaintiffs and the Class Members were unable to

-17-

Fernando Ruiz, et al. v. City of San Jose, et al.   Case No. 5:17-cv-06488
First Amended Class Action Complaint

COSTANZO LAW FIRM, APC
111 W. ST. JOHN STREET #700
SAN JOSE, CA 95113

pursue gainful employment while defending themselves against unjust charges, and/or while unjustly incarcerated.[6]

125.   The Plaintiffs and the Class Members have sustained a material diminishment of their employment prospects by virtue of the unjust and unconstitutional convictions they have suffered.

126.   Defendants have unlawfully engaged in a pattern of racketeering activities set forth in the preceding averments, on information and belief, on hundreds of occasions during the past ten years, and have directly and indirectly acquired control of the named enterprise, the SJPD, and to an extent the Santa Clara County District Attorney's Office, which have engaged in and whose activities affect interstate commerce.

127.   Defendants, who are either employed by, or who are associated with those racketeering enterprises, have conducted those enterprises through a pattern of racketeering activity, as set forth hereinabove.

128.   As a direct and proximate result of the foregoing, Plaintiff and the Class Members have been damaged, as recited above, and are entitled to triple damages as recited below.

**WHEREFORE,** Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Plaintiff Class request that this Court:

1. Issue a declaratory judgment that the customs, practices, policies, and acts described in this Complaint violate the Fourth, and Fourteenth Amendments to the United States Constitution.

2. Grant permanent injunctive relief enjoining Defendants from enforcing laws in a discriminatory manner by targeting, harassing, and/or arresting men because they are

---

[6] For a plaintiff to have standing in a civil RICO action, he must have been injured in his business or property by reason of a violation of the RICO statute. See 18 U.S.C. § 1964 (c) (West 1984). Loss of employment, denial of unemployment benefits, loss of business opportunities, and damage to professional reputation constitute cognizable injuries to business or property, so long as the injuries were proximately caused by the racketeering acts. See *Khurana v. Innovative Health Care Sys., Inc.*, 130 F.3d 143, 150-52 (5th Cir. 1997); *Sadighi v. Daghighekr*, 36 F.Supp. 2d 279, 292 (D.S.C. 1999); *McCampbell v. KPMG Peat Marwick,* 1997 WL 311521 at *2 (N.D. Tex. May 30, 1997). Here, Named Plaintiffs allege they lost employment opportunities, wages, and other compensation by virtue of Defendants' racketeering activities. Named Plaintiffs assert these injuries constitute cognizable injuries to business or property under the RICO statutes.

-18-

Fernando Ruiz, et al. v. City of San Jose, et al.                                                                                    Case No. 5:17-cv-06488
First Amended Class Action Complaint

perceived to desire, seek, and/or engage in non-monetary intimate association with members of the same sex;

3. Award Plaintiffs and the Plaintiff Class compensatory damages, according to proof, against Defendants, jointly and severally, for violations of Federal Law as set forth above;

4. Award Plaintiff and the Plaintiff Class triple damages for violation of the RICO statute;

5. For punitive damages, according to proof, for each cause of action for which such damages are available, as against , CHIEF EDGARDO GARCIA, OFFICER SAMUEL MARQUARDT #4096, SGT. MARIO BRASIL, OFFICER ADAM JENKINS #3661, CPT. ANTHONY CIABURRO, OFFICER MATTHEW BLACKERBY #3999, OFFICER KEVIN SHINN #4062, and OFFICER JOHN PRIM #3908, in their individual capacities;

6. Award Plaintiffs their costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

7. For pre-judgment and post-judgment interests according to law;

8. And award such further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all causes of action alleged herein in the Complaint for Damages.

Dated: February 8, 2018

Respectfully submitted,

*-s-*
Bruce W. Nickerson,
B.J. Fadem,
Lori J. Costanzo,
Attorneys for Fernando Ruiz
and the Plaintiff Class

-19-

Fernando Ruiz, et al. v. City of San Jose, et al.   Case No. 5:17-cv-06488
First Amended Class Action Complaint